UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Karriem Provet**, | ) | **C/A No. 6:07-1094-GRA-WMC** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **State of South Carolina**; | ) | |
| **South Carolina State Highway Patrol**; | ) | |
| **J. D. Owens**, Cpl # A61, State Official for South | ) | |
| Carolina Department of Public Safety; and | ) | |
| **E. J. Aman**, # 833, K-9 Handler, State Official for | ) | |
| South Carolina Department of Public Safety, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Greenville County Detention Center.

The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the State of South

Carolina, the South Carolina Highway Patrol, and two officers for the South Carolina

Highway Patrol.  The plaintiff was stopped on Interstate 85 on May 1, 2002, for having a

"Back Tag light Out."  The plaintiff contends that he was a victim of racial profiling.  The

plaintiff states that he fled the scene and was later apprehended.

The exhibits appended to the complaint reveal that the Grand Jury in

Greenville County on May 24, 2005, indicted the plaintiff for delivery of more than 100

grams of cocaine.  Earlier, however, on August 18, 2003, the charge had been dismissed

1

Dockets.Justia.com

with leave to restore. Another exhibit appended to the complaint is a State Law Enforcement Division (SLED) report indicating that the substance seized during the traffic stop contained 220 grams of cocaine.

In the complaint, the plaintiff appears to be contending that the drugs were "Planted" in his vehicle while he was fleeing. The plaintiff states that he was actually being charged for "Driving while Black." In his prayer for relief, the plaintiff seeks: *(1)* a court order rendering all "Evidence" seized by the South Carolina Highway Patrol inadmissible; *(2)* "Consequential" action against the Director of the South Carolina Highway Patrol and its personnel involved in the plaintiff's arrest and criminal case; *(3)* removal of the arrest record from the NCIC, SLED, and Greenville County Detention Center databases; and *(4)* compensation of $1,200,000 for Mental Distress, $1,200,000 for "Family" Distress, $20,000 for child support, $58,000 for lost wages, and $350 per day for false imprisonment.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989);

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 166 L.Ed.2d 973, 127 S.Ct. 1091, 2007 U.S.

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

LEXIS® 2650 (2007), the above-captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[3] *Nivens v. Gilchrist*, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 108 L.Ed.2d 616, 110 S.Ct. 1479, 1990 U.S. LEXIS® 1399 (1990).  In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  *Cinema Blue of Charlotte, Inc. v. Gilchrist*, *supra*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.  *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

        In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that,

---

[3]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See Green v. State*, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

4

where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, ___ S.C. ___, 641 S.E.2d 873, 2007 S.C. LEXIS® 64 (2007). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.

Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).[4] In fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases. Moreover, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, *Staggs v. State*, ___

---

[4]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearhouse Advanced Sheet # 19; and *Dunlap v. State*, 371 S.C. 585. 641 S.E.2d 431, 2007 S.C. LEXIS® 41 (2007)("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.").

S.C. ___, ___ S.E.2d ___, 2007 S.C. LEXIS® 134, 2007 WESTLAW® 966997 (2007)(post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, ___ S.C. ___, ___ S.E.2d ___, 2007 S.C. LEXIS® 128, 2007 WESTLAW® 895105 (2007)(post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53, 2006 S.C. LEXIS® 392 (2006)(on issue of ineffective assistance of counsel; *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C. LEXIS® 177 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221(2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). In an application for post-conviction relief, the plaintiff can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).

In the above-captioned civil rights action, this federal district court cannot order dismissal of the plaintiff's criminal charge or order his release from confinement. "Release from prison is not a remedy available under 42 U.S.C. § 1983." *Myers v. Pauling*,

1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995).  *See also Edwards v. Balisok*, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

The State of South Carolina and the South Carolina Highway Patrol are subject to summary dismissal because of Eleventh Amendment immunity.  The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Alden v. Maine*, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The plaintiff is not entitled to compensatory damages for mental anguish. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or

mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, *City of Borger v. Grandstaff*, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989). *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional. *See Zehner v. Trigg*, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997 U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [*Metro-North Commuter R.R. v. Buckley*, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

The plaintiff's implicit claims of false arrest are precluded because of the Grand Jury's issuance of an indictment on May 24, 2005. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F.Supp.2d 515, 519, 1999 U.S. Dist. LEXIS® 15616 (E.D. Pa.1999)(collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *affirmed*, 225 F.3d 648, 2000 U.S.App. LEXIS®

17034 (3rd Cir.2000). *See also Sibdhannie v. Coffey*, 2006 U.S.Dist. LEXIS® 92452, 2006 WESTLAW® 3780778 (D.N.J., December 21, 2006)("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.").

This federal court cannot reprimand, demote, or "fire" the two officers involved in the traffic stop or the "Director"[5] of the South Carolina Highway Patrol. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine, Clippinger v. United States*, 364 U.S. 818 (1960).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as

---

[5]The South Carolina Highway Patrol is part of the South Carolina Department of Public Safety. It can judicially noticed that James K. Schweitzer is the Director of the South Carolina Department of Public Safety and that Colonel Russell Roark is the Deputy Director of the South Carolina Highway Patrol.

soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since two defendants in this case are immune from suit from suit under the Eleventh Amendment and the plaintiff seeks monetary damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.


_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE


May 4, 2007
Greenville, South Carolina

10

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).